**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MANUEL L. DIAZ** § | |
| § | |
| **Plaintiff,** § | |
| v. § | **CIVIL ACTION NO**. 3:18-cv-00132 |
| § | |
| **FLAGSTAR BANK, FSB, et al** § | |
| § | |
| **Defendants.** § | |

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**

Pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants Flagstar Bank, F.S.B., ("Flagstar"), Matrix Financial Services Corporation ("Matrix"), and Federal National Mortgage Association, F/K/A Fannie Mae ("Fannie Mae") (collectively "Defendants") hereby give notice of the removal of the state court civil action described below, on the basis of diversity of citizenship and improper joinder. As grounds for the removal, Defendants respectfully state the following:

**I.    INTRODUCTION**

1.    On April 13, 2018, Plaintiff Manuel L. Diaz ("Plaintiff") filed an Original Petition to Enjoin Sale of Property After Foreclosure Sale and Request for Temporary Restraining Order and Temporary Injunction numbered and styled as Case No. 2018-DCV1415, *Manuel L. Diaz v. Flagstar Bank, F.S.B. et al,* in the 120th District Court of El Paso County, Texas (the "Original Petition").

2.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

573332.1

## II. TIMELINESS OF NOTICE OF REMOVAL

3. Plaintiff's Original Petition was filed on April 13, 2018; therefore Defendants' Notice of Removal falls within the 30-day period required by statute and is timely.[1]

## III. JURISDICTION AND VENUE

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). Defendant seeks to remove this case to the Western District of Texas, El Paso Division. The 120th District Court of El Paso County, Texas is located within this District, and cases arising from El Paso County are properly assigned to the Western District of Texas.[2]

6. Pursuant to 28 U.S.C. § 1446(d) Plaintiff is being provided with the written notice of removal, and a copy of this Notice of Removal is being filed with the El Paso County District Clerk for the 120th District Court of El Paso County, Texas.

## IV. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A. Complete Diversity Exists.

#### 1. *Discussion of Diversity between Proper Parties.*

7. Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiff is a citizen and resident of El Paso County, Texas.[3]

---

[1] 28 U.S.C. §1446(b).

[2] *See* 28 U.S.C. § 124(d)(3).

[3] *See* Original Petition, p. 2.

573332.1

8. Flagstar is a federally chartered savings bank whose principal place of business is in the State of Michigan.[4] Flagstar is not incorporated in Texas, nor does it maintain a principal place of business in Texas. Therefore, Flagstar is a citizen of Michigan.[5]

9. Matrix is incorporated in Arizona with its principal place of business in Minnesota. For diversity purposes, Matrix is a citizen of Arizona and Minnesota.[6]

10. Fannie Mae is a federally chartered corporation organized under the laws of the United States. Fannie Mae is a citizen of the District of Columbia for the purposes of 28 U.S.C. § 1332 and has its principal place of business in the District of Columbia.[7]

11. Accordingly, because Plaintiff is a citizen of Texas, Flagstar is a citizen of Michigan, Matrix is a citizen of Arizona and Minnesota, and Fannie Mae is a citizen of the District of Columbia, complete diversity of citizenship exists between the parties and removal is proper. The remaining Defendants are improperly joined, as set out below, and are therefore properly disregarded for the purpose of determining diversity jurisdiction.

### *2. Improper Joinder of Foreclosure Counsel/Substitute Trustees*

12. Defendant Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett Daffin"), is a Texas law firm, but it is only ever referenced in the Petition in its capacity as counsel for Defendant Flagstar.[8] A removing party can establish improper joinder by showing that there is

---

[4] *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

[5] *See* 28 U.S.C. § 1332(c).

[6] *See id.*

[7] *See* 12 U.S.C. § 1717(a)(2)(B) ("[FNMA] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction . . . to be a District of Columbia corporation.").

[8] *See* Original Petition, p. 3.

573332.1

no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[9]

13. Defendants argue that Plaintiff cannot establish any cause of action against the non-diverse Barrett Daffin law firm because the Plaintiff alleges no facts which involve any specific claims or causes of action against Barrett Daffin, and therefore he has no hope of recovering from them.

14. Defendants also argue that to the extent Barrett Daffin took actions on behalf of Defendants in foreclosing on the property at issue, they were acting in their capacity as foreclosure counsel[10] or as a "substitute trustee" and that under section 51.007 of the Texas Property Code, substitute trustees cannot be held liable to the mortgagor for the execution of his duties as a trustee.[11]

15. In order to satisfy § 51.007(f), and properly bring a cause of action against a substitute trustee, a plaintiff must allege bad faith on the part of the substitute trustee named in the action.[12] In cases where the plaintiff did not allege bad faith on the part of the defendant,

---

[9] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To avoid fraudulent joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

[10] *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 706-07 (N.D. Tex. 2011); *Cooper v. Barrett Daffin Frappier Turner & Engel, L.L.P., et. al*, No. 3:07-CV-0427-G, 2008 WL 1848453 (N.D. Tex. Apr. 22, 2008); *Cantor v. Wachovia Mortgage, FSB*, 641 F.Supp.2d 602, 610-11 (N.D. Tex. 2009); *Travis*, 326 F.3d at 648. Foreclosure counsel is entitled to immunity to third parties for actions undertaken as counsel pursuing the rights of a client. *See Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *3-4 (W.D. Tex. Aug. 23, 2010) ("Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of 'conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit.'") (quoting *Guthrie v. Buckley*, 2003 WL 22455394, at *1 (5th Cir. Oct. 29, 2003).

[11] *See* Texas Property Code § 51.007(f).

[12] *See Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 611 (N.D.Tex.2009).

courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction.[13]

16. Here, in addition to the fact that Plaintiff has not indicated which of his claims specifically pertain to Barrett Daffin, he fails to allege bad faith on the part of Barrett Daffin in regard to any claim and therefore they are improperly joined.

17. Furthermore, Plaintiff has specifically failed to state a claim against Barrett Daffin for wrongful foreclosure.[14] The Original Petition asserts, with no detail, that there was a "default and defect in the foreclosure sale proceedings;"[15] however, the Substitute Trustee's Deed referenced by the Plaintiff's Original Petition,[16] and attached hereto as an exhibit, incorporates an sworn statement of facts that states (in sum) that all pre-requisites for the foreclosure sale of Plaintiff's property had been met.[17] This is prima facie evidence that the foreclosure sale was not wrongful, and is in fact a valid and subsisting conveyance.[18] In light of the Substitute Trustee's Deed, which controls over Plaintiff's pleadings, Plaintiff cannot demonstrate a defect in the sales process—and certainly not one attributable to Barrett Daffin.

18. Likewise, Plaintiff has specifically failed to state how Barrett Daffin breached a contract with Plaintiff. The first element that must be met with respect to a breach of contract

---

[13] *Id.*; *see also Mechali v. CTX Mortg. Co., LLC*, No. 4:11CV114, 2011 WL 2683190, at *4 (E.D.Tex. June 7, 2011) (unpublished), adopted by No. 4:11CV114, 2011 WL 2685708 (E.D.Tex. July 11, 2011) (unpublished); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, at *3–4 (W.D.Tex. July 5, 2011) (unpublished).

[14] This statement also holds true for the allegations against all the Defendants named in the Original Petition. Plaintiff's pleadings are deficient under either state or federal law, and Defendants intend to file a Motion to Dismiss the pleadings under Fed.R.Civ.P. 12(b)(6).

[15] *See* Original Petition, p. 5.

[16] *Id.*

[17] *See* Substitute Trustee's Deed, **Exhibit "B"**, p. 3.

[18] *See Martinez v. Reconstruct Co., N.A.*, No. SA-13-CA-0541-FB, 2015 WL 12552032, at *3 (W.D. Tex. Mar. 13, 2015) quoting *Clark v. Fed. Deposit Ins. Corp.*, 849 F. Supp. 2d 736, 759-60 (S.D. Tex. 2011) ("Texas courts presume foreclosure sales to be valid, and 'recitals in a substitute trustee's deed stating that the foreclosure sale was performed in compliance with applicable law are 'prima facie evidence of the validity of the foreclosure sale.'").

claim is that a contract exists.[19] Plaintiff's Original Petition acknowledges that the underlying original mortgage contract is with Matrix, not with any other Defendant.[20] Absent a contract with Barrett Daffin, Plaintiff has no hope of recovery against it for breach of contract.

19. As for Plaintiff's claim of a contract for sale of the property following the foreclosure, he has not specified which of the Defendants supposedly made the offer to sell him back the property at issue, nor has Plaintiff claimed that he tendered the funds for this purported contact.[21] Accordingly, he cannot recover against *any* of the Defendants named, much less Barrett Daffin.

20. Finally, Plaintiff cannot recover against Barrett Daffin for misrepresentation because the Plaintiff fails to assert that Barrett Daffin made any misrepresentation to him that resulted in damages to Plaintiff. In fact, the Plaintiff's Original Petition demonstrates that Barrett Daffin specifically *declined* to make a representation to Plaintiff about the amount necessary to reinstate the loan at issue.[22]

21. Because Plaintiff's threadbare pleading fails to state any plausible cause of action against Barrett Daffin upon which Plaintiff would be able to recover, Barrett Daffin is improperly joined and their presence can be discarded for diversity purposes.

---

[19] *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.–Houston [14th Dist.] 2008, no pet.). ("To prevail on a breach of contract claim, a party must establish the following elements: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach.")

[20] *See* Original Petition, p. 3. The Substitute Trustee's Deed, referenced by Plaintiff's Original Petition, also corroborates this allegation by Plaintiff by listing the Mortgagee of record as Matrix. *See* Substitute Trustee's Deed **Exhibit "B"**, p. 1.

[21] *See* Original Petition, p. 5. Plaintiff's petition only states that he is ready, willing, and able to perform under the Note, i.e. – the underlying mortgage contract, not the subsequent contract for sale. Furthermore, simply stating that one is willing to pay a note is not sufficient to act as a tender.

[22] *See* Original Petition, p. 4, ("Plaintiff's Sister contacted the Attorney…and they would not give Plaintiff's Sister the payoff amount.").

### 3. *Other Defendants properly discarded for the purposes of diversity jurisdiction.*

22. The two remaining Defendants—Auction.Com, Inc. and ERA Sellers & Buyers Real Estate (the "Other Defendants") are never substantively mentioned in Plaintiff's Original Petition at all.[23]

23. In fact, the Other Defendants are only referenced one time on the second page of the Original Petition under the listing of parties to the suit.[24] Plaintiff has provided no detail as to their involvement in the facts giving rise to the lawsuit, and has not directly asserted a cause of action against either of them. The Other Defendants inclusion in the suit is a clear attempt to circumvent the jurisdiction of this Court.

24. Even assuming the Plaintiff had mentioned the Other Defendants in his factual allegations, he cannot recover against them under the causes of action asserted for the same reasons set out in subsection 2 on Barrett Daffin above.

25. For instance, Plaintiff has not alleged that he had a contract with the Other Defendants, nor has Plaintiff alleged how the Other Defendants breached the non-existent contract. Similarly, Plaintiff has not alleged that the Other Defendants did anything at all—much less engage in an action or omission that gives rise to a misrepresentation.

26. Because the Plaintiff has not asserted any claims against the Other Defendants, he has no possibility of recovery against them, and they ought to be discarded for the purposes of determining diversity jurisdiction.

---

[23] *See generally* Original Petition.

[24] *Id.* at p. 2.

573332.1

**B.      The Amount in Controversy Exceeds $75,000.00.**

27.      In this case, the Plaintiff seeks injunctive relief preventing Defendants from the ability to sell or dispose of the property to which they hold valid title.[25] This would also have the effect of depriving Defendants from fully recovering their security interest pursuant to the terms of Plaintiff's promissory note and deed of trust.[26]

28.      When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[27]  In this instance, according to Plaintiff's own exhibit, and the El Paso County Appraisal District, the value of the property identified as Property ID # 123211 and commonly known as 5223 White Oak Dr., El Paso, Texas 79932 (the "Property") has a market appraised value of $290,150.00.[28] Therefore, based on the value of the relief sought by Plaintiff in his Original Petition, the amount in controversy exceeds $75,000.00.

29.      Accordingly, because all properly joined parties are diverse and Defendants have provided evidence that the amount in controversy exceeds the jurisdictional threshold, Defendants have perfected the removal of this civil action on the basis of diversity jurisdiction.

---

[25] *See* Original Petition, Prayer.

[26] *See Id.*

[27]*Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010); *see also Nationstar Mortgage, L.L.C. v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009) (*quoting Hunt v. Washington State Apple Advertising Commission*, 432. U.S. 333, 347 (1977)); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983); *Govea v. JPMorgan Chase Bank, N.A.*, No. G-10-3482, 2010 WL 5140064 (S.D. Tex., Dec. 10, 2010); *Lemessa v. Wells Fargo Bank, N.A.*, No. G-10-0478, 2010 WL 5125956, at *1 (S.D. Tex., Dec. 9, 2010); *Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328 *2 (N.D. Tex. Sept. 16, 2011); *McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628 *2 (N.D. Tex. Dec. 20, 2011).

[28] *See* El Paso County Appraisal District Summary attached as **Exhibit "C"**. It is appropriate for the court to take judicial notice of the El Paso County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and is relevant to the matter at hand.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

573332.1

## V. ADDITIONAL REQUIREMENTS

30. Consent to removal amongst the Defendants not represented by the undersigned is not required because, (i) all of those Defendants are improperly joined,[29] and (ii) because none of the Defendants have been served at the time of the filing of this removal.[30]

31. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

32. Plaintiff has not demanded a jury trial.

33. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of El Paso County, Texas.

WHEREFORE, Defendants in the above-captioned action now pending as Case No. 2018-DCV1415, in the 120th District Court of El Paso County, Texas hereby remove this action to the United States District Court for the Western District of Texas, El Paso Division and respectfully request that the United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

By: */s/ Matt D. Manning*
    **MATT D. MANNING**
    State Bar No. 24070210
    MCGLINCHEY STAFFORD
    1001 McKinney, Suite 1500
    Houston, TX 77002
    Telephone : (713) 520-1900
    Facsimile: (713) 520-1025

---

[29] *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 817 (5th Cir.1993) (Improperly joined defendants need not consent to removal.).

[30] *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir.2007) (All defendants ***properly joined and served at the time of removal*** join the notice of removal.) (emphasis added).

mmanning@mcglinchey.com

***ATTORNEYS FOR DEFENDANTS
FLAGSTAR BANK, F.S.B., MATRIX
FINANCIAL SERVICES
CORPORATION, AND FEDERAL
NATIONAL MORTGAGE ASSOCIATION***

## CERTIFICATE AND NOTICE OF FILING

I certify that on 25th day of April, 2018, the foregoing Notice of Removal was sent to the District Clerk of El Paso County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

/s/ Matt D. Manning
Matt D. Manning

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on 25th day of April, 2018 and that I forwarded a copy of same to counsel of record for the Plaintiff as follows:

***Via Certified Mail Return Receipt Requested No.
9414 7266 9904 2059 5404 64***

Steven E. Anderson
Anderson, Bright & Associates, P.C.
1533 Lee Trevino, Suite 205
El Paso, Texas 79936
***Attorneys for Plaintiff***

/s/ Matt D. Manning
Matt D. Manning

573332.1